COLLIS v. The COERNINE. See Case No. 2,944.

COLLYER (SHAW v.). See Case No. 12,-718.

COLLYER (UNITED STATES v.). See Case No. 14,838.

## Case No. 3,021.

### In re COLMAN.

[2 N. B. R. 562 (Quarto, 172).] [1]

District Court, N. D. New York. 1869.

SURRENDER OF SECURITY TO ASSIGNEE IN BANKRUPTCY—SUBSEQUENT PROOF OF DEBT.

A creditor, knowing the bankrupt could not pay his debts without help, loaned him money and left the matter of security to his lawyer and the debtor. The debtor confessed judgment on the debt, and subsequently gave a chattel mortgage of his entire stock of goods to secure payment of the judgment. The creditor surrendered the security to the assignee, and claimed to prove his debt under section twenty-three of the act [14 Stat. 528]. Held, that formal proof of a debt is prima facie sufficient; that under the provisions of section thirty-nine of the act, the chattel mortgage was a conveyance of property made to a creditor who had good cause to believe the debtor insolvent, and such creditor was not so entitled to prove his debt.

HALL, District Judge. The certificate of the register in this case presents for decision three questions; but the third is, in substance, included in the second, and only the first and second need to be separately considered. The first question is: "Was the debt of John Blain duly proven?" It is supposed that the formal proof of the debt is prima facie sufficient; and that the first question must be answered in the affirmative unless such proof is affected or avoided by the facts and circumstances presently to be noticed in the discussion of the second question. Indeed, it is not understood that any serious question is made in regard to such formal proof being prima facie sufficient in form and substance.

The second question is: "Is the said John Blain entitled to share in the distribution of the bankrupt's estate?" The evidence and concession accompanying the register's certificate (but not annexed to it, as stated in the certificate), in connection with the statements of the register, show that a petition against the bankrupt was filed on the 22d day of December, 1868, and that he was ad-

[1] [Reprinted by permission.]

judicated a bankrupt under such petition on the 29th of the same month; that he had previously been a merchant, and that just prior to the filing of the petition against him he had a stock of teas, sugars, coffees, spices, fruits, and confectionery in his store, at Seneca Falls, in this district; that he was then, and had been for several years, largely indebted to John Blain, his father-in-law, for money lent, &c.; that on the 25th day of November, 1868, the bankrupt confessed judgment in favor of said Blain for three thousand seven hundred and eight dollars damages, and seven dollars and seven cents costs, which was that day entered in the supreme court of this state, and docketed in the clerk's office of Seneca county; that on the 15th day of December, 1868, the bankrupt executed to Blain a chattel mortgage on his entire stock of goods, as security for the payment of the amount of this judgment; that at that time, or soon after, a suit was pending against the bankrupt in a justice's court, and was defended by him, and in which a judgment was soon afterwards rendered against him; that just before an execution was issued on the last mentioned judgment, an execution was issued on the judgment in favor of Blain, and a levy made upon the bankrupt's stock of goods by a deputy sheriff, who was directed by the attorney of Blain not to close the store under such levy; that soon after, the execution issued on said justice's judgment was levied on the same property, and that the store was then closed on some day of December, 1868 (but on what day does not appear), and within about one hour after said justice's judgment was recovered; that this judgment in the justice's court was rendered against the wishes of the bankrupt, who had defended the suit in that court. It also appears that the judgment in favor of Blain was confessed, and that the chattel mortgage to him was given under an arrangement between Colman, the bankrupt, and the attorney of Blain, who entered such judgment and took such chattel mortgage without any special direction from, or actual consultation with, Blain in regard thereto; and it is claimed that the judgment and chattel mortgage were therefore taken without his authority. This position cannot, however, avail the creditor, Blain, for the reason that his own testimony shows that he knew of the judgment and chattel mortgage in his favor, immediately after the levy on the execution issued on his judgment, and that he did nothing in disaffirmance of the acts of his attorney, but, as he says, "left it in the hands of Mr. Weed, his attorney;" and he also says, "I loaned Colman money and left it with Mr. Weed and Colman to see I was secured," which shows a general authority to take the judgment and mortgage, and a tacit assent to them afterwards. He also shows that he had taken a judgment against the bankrupt about April, 1868, for three thousand dollars, for money lent him to pay his debts, and he

admits that he knew the bankrupt could not pay his debts without some one to help him. In short, it must be held that he took the judgment and chattel mortgage, knowing Colman to be insolvent, and with the intent to secure himself in preference to other creditors of the bankrupt. It is also shown that after the proceeding in bankruptcy had proceeded for some time, and on the 26th of January, 1869, Blain made a deposition in proof of his debt, and stated at the end thereof that he had been informed of the taking of a judgment and chattel mortgage, but that he did not regard them, or either of them, as any security whatever, and claimed no benefit by reason thereof or of either of them; and that, on the 11th day of February, 1869, he made another and similar deposition, stating that on the 6th of the same month he had surrendered to the assignee of Colman said judgment and chattel mortgage; and that nothing had been recovered by him, for his use, under either of them. And these surrenders, under the hand and seal of Blain, are annexed to the deposition.

It is claimed on behalf of Blain, the creditor, that under section thirty-two of the bankrupt act, this surrender entitles him to prove his debt and take a dividend; and this would be true if the question depended upon the provisions of that section. But the question depends upon the provisions of the thirty-ninth section of the act, which provides in respect to cases of involuntary bankruptcy, among other things, that any such involuntary bankrupt, who, being bankrupt or insolvent, or in contemplation of bankruptcy or insolvency, shall make any payment, gift, grant, sale, or transfer of money or other property, estate, rights, or credits, or give any warrant to confess judgment, or procure, or suffer his property to be taken on legal process, with intent to give a preference to one or more of his creditors, * * * shall be adjudged a bankrupt, and that if such person shall be adjudged a bankrupt, the assignee may recover back the money or other property so paid, conveyed, sold, assigned, or transferred contrary to that act, provided the person receiving such payment or conveyance had reasonable cause to believe that a fraud on the bankrupt act was intended, and that the debtor was insolvent; and such creditor shall not be allowed to prove his debt in bankruptcy.

Whatever might be considered in respect to the judgment and execution in favor of Blain, it is certain that the chattel mortgage must be considered a conveyance of property; and it was, in legal effect, a conditional sale, grant, and transfer of the property mortgaged. It was not made in the ordinary course of business, and must therefore be presumed fraudulent, under the thirty-fifth section of the act. And it is certain that it was made with the intent to give Blain a preference over other creditors, and when Blain himself, and the attorney who acted in his

behalf, had reasonable and abundant cause to believe that the debtor was insolvent, and that such a preference as the law adjudges to be a fraudulent preference against the provisions of the bankrupt act was intended. Indeed, such was the obvious as well as necessary effect of the transaction, if allowed to be carried out according to the intent of the parties. And the giving of such judgment and chattel mortgage and the procuring of his goods to be levied on under said execution on the 17th day of December, 1868, were the acts of bankruptcy upon which Colman was adjudged a bankrupt. Under the provisions referred to it would seem that the first and second questions presented by the register must be answered in the negative; and the third, which is substantially the reverse of the second, must be answered in the affirmative. The decision of the learned judge of the Wisconsin district, in the Case of Princeton [Case No. 11,433], accords with this view of the question presented. The decision of the register is therefore overruled; the proof of debt by John Blain is disallowed, and his claim made upon the proofs submitted by the register is rejected.